IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD P. MARSHALL, <br> SIDNEY D. SANFORD, and <br> LAND AND CATTLE ADVISORS, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL McCONNELL, <br> WILLIAM LEWIS, LEWIS AND <br> McCONNELL INVESTMENTS, L.L.C., <br> KEITH BRADLEY, and <br> BRADLEY & CAIN, L.L.C., <br><br> Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 3:05-CV-1062-L |

## MEMORANDUM OPINION AND ORDER

Before the court are: Defendants Keith Bradley and Bradley & Cain, L.L.C.'s Motion to Dismiss Under Rule 12(b)(6), or in the Alternative, Motion for More Definite Statement Under Rule 12(e), and Brief in Support thereof, filed July 22, 2005; and Defendants Michael McConnell, William Lewis and Lewis & McConnell Investment, L.L.C.'s Motion to Dismiss Under Rule 12(b)(6), or in the Alternative, Motion for More Definite Statement Under Rule 12(e), and Brief in Support thereof, filed July 27, 2005. After careful consideration of the motions, briefs, responses, reply[1] and applicable authority, the court **denies without prejudice** Defendants Keith Bradley and Bradley & Cain, L.L.C.'s Motion to Dismiss Under Rule 12(b)(6); **denies as moot** Defendants Keith Bradley and Bradley & Cain, L.L.C.'s Alternative Motion for More Definite Statement Under Rule 12(e); **denies without prejudice** Defendants Michael McConnell, William Lewis and Lewis &

---

[1] Only Defendants Keith Bradley and Bradley & McCain filed a reply.

**Memorandum Opinion and Order – Page 1**

McConnell Investment, L.L.C.'s Motion to Dismiss Under Rule 12(b)(6); and **denies as moot** Defendants Michael McConnell, William Lewis and Lewis & McConnell Investment, L.L.C.'s Alternative Motion for More Definite Statement Under Rule 12(e).

I.    **Procedural and Factual Background**

On May 23, 2005, Plaintiffs Richard P. Marshall ("Marshall"), Sidney D. Sanford ("Sanford") and Land and Cattle Advisors, L.L.C. (collectively referred to as "Plaintiffs") filed this action against Defendants Michael McConnell ("McConnell"), William Lewis ("Lewis") and Lewis & McConnell Investment, L.L.C. (collectively referred to as the "Lewis & McConnell Defendants"), alleging copyright infringement, breach of fiduciary duty, breach of contract, and seeking reimbursement of attorney's fees under theories of breach of contract, or in the alternative, *quantum meruit* and unjust enrichment. Plaintiffs also sued the Lewis & McConnell Defendants' attorney, Defendant Keith Bradley ("Bradley"), along with his law firm, Bradley & Cain, L.L.C. (collectively referred to as the "Bradley Defendants") for copyright infringement, tortious interference, and aiding and abetting the Lewis & McConnell Defendants in breaching their fiduciary duties to Plaintiffs. As set forth in the next section, for purposes of a motion to dismiss, the court assumes all well-pleaded facts in the complaint to be true.

The First Amended Complaint alleges that in or around February 2004, Plaintiffs Marshall and Sanford developed a business plan under which they would represent mineral rights holders in oil and gas lease negotiations. In return for brokering the lease and negotiating terms, Plaintiffs would receive a fractional royalty interest in the lease from their customers. In or around May or early June 2004, Sanford informed Marshall that he knew of two individuals, McConnell and Lewis, who could serve as "front men," or field sales representatives for the proposed business venture.

**Memorandum Opinion and Order – Page 2**

In or around June 2004, Marshall and Sanford met with McConnell at the Big Bucks restaurant in Grapevine, Texas, and Marshall and Sanford laid out the business plan. McConnell indicated that he and Lewis were interested in joining Marshall and Sanford. During the meeting, Marshall, Sanford and McConnell discussed the type of business entity that would carry out their business plan. Marshall, an attorney, suggested a Texas limited liability company, and the men agreed on the name Land and Cattle Advisors, L.L.C. ("Land and Cattle"). After the June 2004 meeting, Marshall began drafting the form documents that Land and Cattle would require in the business venture, including without limitation: the Articles of Organization of Land and Cattle, the Organizational Consent and Regulations for Land and Cattle, an outline of how to negotiate oil and gas leases for a landowner, and various other forms including a listing agreement, memorandum of listing agreement, form of royalty deed, and oil and gas lease. On June 11, 2004, the Secretary of the State of Texas issued a Certificate of Organization of Land and Cattle Advisors, L.L.C.

Thereafter Marshall and Sanford met with McConnell and Lewis at Big Bucks restaurant in Grapevine, Texas to discuss the initial drafts of the oil and gas documents prepared by Marshall, the Regulations of Land and Cattle Advisors, L.L.C and other ancillary organizational documents. The parties discussed possible revisions, and Lewis and McConnell stated they wanted their legal counsel to review the documents related to Land and Cattle before executing them. Thereafter, Marshall provided McConnell and Lewis with revised drafts of various documents.

Plaintiffs contend that, after the formation of Land and Cattle, McConnell and Lewis, along with their attorney Bradley, misappropriated Marshall and Sanford's business plan and formed a separate entity, Lewis and McConnell Investments, L.L.C., a joint venture essentially engaging in the same business as Land and Cattle. McConnell and Lewis took these actions under the advice

of the Bradley Defendants. In addition to alleging that the Lewis and McConnell Defendants and the Bradley Defendants misappropriated Plaintiffs' business plan, the First Amended Complaint alleges that Defendants infringed on the copyrighted legal documents that Marshall had created for the use of Land and Cattle Advisors. Further, Plaintiffs allege that McConnell and Lewis did not pay Marshall for legal advice he gave them, even after he provided them an invoice.

## II.   Discussion

### A.   Fed. R. Civ. P. 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered

part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. "Pleading conclusory allegations of fact or law is permitted, provided the averments are 'short and plain' and give fair notice to the defending parties of the claim and the grounds alleged in support." *General Electric Capital Corp. v. Posey*, 415 F.3d 391, 396 n.4 (5th Cir. 2005) (citation omitted).

### B.   Defendants' Motion to Dismiss Copyright Infringement Claims

The Bradley Defendants and the Lewis & McConnell Defendants have both filed motions to dismiss the copyright infringement claims pursuant to Fed. R. Civ. P. 12(b)(6). *See* Bradley Def. Mot. at 4-5; Bradley Def. Reply at 2; Lewis & McConnell Def. Mot. at 3-4. Specifically, the Bradley Defendants and the Lewis & McConnell Defendants argue that (i) Plaintiffs' "blanket statements" pertaining to the copyrighted materials they allegedly infringed are too vague to provide them with any notice of what documents were purportedly copyrighted and infringed; and (ii) Plaintiffs have failed to allege any specific acts of infringement or which defendant purportedly committed any such infringement. *See id.* Defendants also cite to cases from other jurisdictions, suggesting that copyright infringement claims must satisfy a heightened pleading standard. *See id.* (and cases cited therein). In response, Plaintiffs contend that a heightened pleading requirement does not apply to copyright infringement cases; rather, they contend that copyright infringement claims must only satisfy the notice pleading requirements set forth in Fed. R. Civ. P. 8(a), and that they have "sufficiently alleged facts to give [Defendants] fair notice of [their] claims[.]" *See* Pl.

**Memorandum Opinion and Order – Page 5**

Resp. to Bradley Defs. Mot. to Dismiss at 2; Pl. Resp. to Lewis & McConnell Defs. Mot. to Dismiss at 3. In the alternative, Plaintiffs argue that even were the court to impose a heightened pleading standard, Plaintiffs have satisfied this standard.

### 1. Pleading Copyright Infringement

Copyright infringement actions are governed by the notice pleading standard of Fed. R. Civ. P. 8(a)(2), which requires that a plaintiff recite a "short and plain statement of the claim showing that the pleader is entitled to relief."[2] *See generally General Electric Capital Corp.*, 415 F.3d at 396 ("Other than in situations expressly enumerated in rule 9(b), *e.g.*, allegations of actual fraud, plaintiffs must satisfy only the minimal requirements of rule 8(a)."); 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure Civ. 3d § 1237, at 400 (2004 West) ("The requirement of a short and plain statement of the claim set out in Federal Rule 8(a) applies to actions for copyright or trademark infringement and unfair competition.").[3] As the Supreme Court stated in 2002, "[s]uch a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claim.*" General Electric Capital Corp.*, 415 F.3d at 396 (quoting *Swierkiewicz*,

---

[2] Rule 8(a) of the Federal Rules of Civil Procedure sets forth the general rules of pleading and provides:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded."

[3] To ultimately succeed on a copyright infringement claim, a plaintiff must satisfy two elements: (1) ownership of a valid copyright and; and (2) actionable copying by Defendants, which is the copying of constituent elements of the works that are copyrightable. *See Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 576 (5th Cir. 2003); *Computer Mgmt. Assistance Co. v. DeCastro*, 220 F.3d 396, 400 (5th Cir. 2000) (and cases cited therein).

**Memorandum Opinion and Order – Page 6**

534 U.S. at 512) (internal punctuation and citation omitted). "Pleading conclusory allegations of fact or law is permitted, provided the averments are 'short and plain' and give fair notice to the defending parties of the claim and the grounds alleged in support." *Id.* at 396 n.4 (citation omitted). Accordingly, the court rejects the Bradley Defendants' and the Lewis & McConnell Defendants' contentions that copyright infringement claims are subject to a heightened pleading requirement. The court will now address whether Plaintiffs' First Amended Complaint satisfies the notice pleading standard of Rule 8(a).

### 2. Plaintiffs' Allegations

Plaintiffs' First Amended Complaint alleges that "Plaintiff Land & Cattle owns a registered copyright in certain legal treatises and forms that Mr. Marshall authored for use in Land & Cattle's business venture. Defendants have infringed Plaintiff Land & Cattle's copyrights in those forms and documents by copying, using and/or incorporating those forms in whole or part." First Am. Comp. ¶ 29. Plaintiffs also allege that: "Defendants' conduct violates the exclusive rights belonging to Plaintiff Land & Cattle as owner of the copyright of the forms, including, without limitation, Plaintiffs' rights under 17 U.S.C. § 106." *Id.* ¶ 32.

To reiterate, Defendants contend that Plaintiffs' copyright infringement claims should be dismissed, because broad reference to "certain legal treatises and forms" is inadequate to give them notice of the documents they purportedly infringed and because Plaintiffs have failed to allege any acts of infringement whatsoever, let alone any infringing acts by any particular Defendant. The court believes that Plaintiffs' bare-bones allegations of copyright infringement do not satisfy the

pleading requirements of Rule 8(a).[4] Allegations of infringement of "certain legal treatises and forms" (*see* First Am. Comp. ¶ 29) could relate to any number of documents pertaining to Land and Cattle's business plan and operations allegedly copyrighted by Marshall. Moreover, blanket references to "copying, using and/or incorporating," (*see id.*), leave the Bradley Defendants and Lewis & McConnell Defendants without sufficient notice as to how to answer and defend against the claims in this case. Indeed, following *Swierkewickz*, the Fifth Circuit in December 2002 affirmed a district court's dismissal of a copyright infringement claim pursuant to Fed. R. Civ. P. 12(b)(6) for just this reason. *See Taylor v. IBM*, 54 Fed. Appx. 794 (5th Cir. Dec. 10, 2002) (Table), *reprinted at* 2002 WL 31845220 (affirming decision by Judge Jerry Buchmeyer to dismiss copyright infringement claims under Rule 12(b)(6), since appellants "failed to allege *specific acts of infringement by each defendant*, thereby failing to adhere to the requirements of Fed. R. Civ. P. 8(a).") (emphasis added).

In short, at this stage the court does not believe that Plaintiffs' First Amended Complaint meets Rule 8(a)'s notice pleading standard. Otherwise stated, the court cannot say that Plaintiffs' allegations "give fair notice to the defending parties of the claim and the grounds alleged in support." *See General Electric Capital Corp.*, 415 F.3d at 396 n.4. Rather than dismiss this case, the court will allow Plaintiffs thirty days to amend their pleadings to satisfy the court that they have

---

[4] By reaching this decision, the court is not placing a heightened pleading requirement on Plaintiffs; it merely holds Plaintiffs to the basic standards of Rule 8(a) that a complaint must give the opposing party "fair notice" of the claims asserted. Stated another way, the court believes that Plaintiffs' allegations do not meet the minimal standard set forth in Rule 8(a). Requiring a party to state allegations that meet this standard in no way runs contrary to notice pleading under Rule 8(a). In reality, such practice complements Rule 8(a) in that it fairly puts the opposing party on notice of the claims being asserted against it.

**Memorandum Opinion and Order – Page 8**

met the pleading requirements of Rule 8(a).[5] Should Plaintiffs fail to file amended pleadings, the court will grant Defendants' respective motions to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). Should Plaintiffs timely amend their pleadings, Defendants may at that time reurge their motions to dismiss should they determine that Plaintiffs' amended allegations are insufficient.

### C.  Motions to Dismiss State Law Claims

The Bradley Defendants and the Lewis & McConnell Defendants have also moved to dismiss Plaintiffs' state law claims. In light of the court's decision to allow Plaintiffs thirty days to amend their pleadings to state a claim for copyright infringement, the sole basis for federal jurisdiction, and in order to preserve scarce judicial resources, the court at this time similarly denies without prejudice the Bradley Defendants' and the Lewis & McConnell Defendants' motions to dismiss Plaintiffs' state law claims.[6] Again, Defendants may reurge their respective motions to dismiss should they determine that Plaintiffs' amended allegations, if any, fail to state a claim upon which relief may be granted.

### III.  Conclusion

---

[5] Although Plaintiffs have not requested the court to allow further amendment of their First Amended Complaint if it determines that they have not stated a claim upon which relief can be granted, the decision to allow amendment of the pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the court considers the following: undue delay in the proceedings, prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). After due consideration of these factors, the court determines that Plaintiffs should be permitted a third pleading attempt.

[6] The copyright infringement claims are the sole basis of federal jurisdiction in this case. Should the court ultimately dismiss the copyright infringement claims pursuant to Fed. R. Civ. P. 12(b)(6), the court may at that time, in its discretion, decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3)*; see also Priester v. Lowndes County,* 354 F.3d 414, 425 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004) (citation omitted); *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992). Accordingly, any deliberation on the motions to dismiss Plaintiffs' state law claims at this stage would be a waste of scarce judicial resources.

**Memorandum Opinion and Order – Page 9**

For the reasons stated herein, the court **denies without prejudice** Defendants Keith Bradley and Bradley & Cain, L.L.C.'s Motion to Dismiss Under Rule 12(b)(6); **denies as moot** Defendants Keith Bradley and Bradley & Cain, L.L.C.'s Alternative Motion for More Definite Statement Under Rule 12(e); **denies without prejudice** Defendants Michael McConnell, William Lewis and Lewis & McConnell Investment, L.L.C.'s Motion to Dismiss Under Rule 12(b)(6); and **denies as moot** Defendants Michael McConnell, William Lewis and Lewis & McConnell Investment, L.L.C.'s Alternative Motion for More Definite Statement Under Rule 12(e).  Plaintiffs are **directed** to file any amended pleadings **by April 24, 2006**, or the court will dismiss this action without further notice.

**It is so ordered** this 23rd day of March, 2006.

Sam A. Lindsay
United States District Judge